Andrews


*106 2172956*

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUN 1 2 2025

RICK WARREN
COURT CLERK
88_____

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA**

| | | |
|---|---|---|
| VISTA VIEW, LLC | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| COUNTRY MUTUAL INSURANCE | ) | **CJ - 2025 - 4186** |
| COMPANY, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | ATTORNEY LIEN CLAIMED |

## PETITION

Plaintiff, Vista View, LLC ("Plaintiff" or "Vista View), in support of its action against Defendant Country Mutual Insurance Company, ( "Defendant" and/or "Country Mutual") states and alleges as follows:

### JURISDICTION AND VENUE

1. Pursuant to 12 O.S. § 2004(F), this Court has subject matter jurisdiction over the claims asserted herein.

2. Defendant is a foreign insurance company that was not incorporated in Oklahoma and does not have its principal place of business in Oklahoma.

3. Defendant has appointed the Oklahoma Insurance Commissioner as its agent to receive service of legal process.

4. The Oklahoma Insurance Commissioner is located in Oklahoma County, Oklahoma.

5. Plaintiff is a limited liability company that was not incorporated in Oklahoma and does not have its principal place of business in Oklahoma.

1

6. Plaintiff owns real property which is the subject of this litigation that is located at 601-635 S Park Drive and at 659-661 S Park Drive in Broken Bow, McCurtain County, Oklahoma (the "Property").

7. Venue is appropriate in this Court.

## FACTUAL ALLEGATIONS

8. Plaintiff and Defendant are parties to an insurance contract that was issued to Plaintiff by Defendant and is identified by Defendant as Policy No. AB 9356743 00 (the "Contract").

9. The Contract was in effect from February 9, 2023, to February 9, 2024.

10. Defendant received consideration from Plaintiff in the form of its payment of premiums to Defendant.

11. In exchange for its payment of premiums to Defendant, Defendant promised Plaintiff it would provide, pursuant to the terms and conditions of the Contract and Oklahoma law, coverage for the Property.

12. The Property sustained damage as a result of direct physical loss that occurred during the effective dates of the Contract.

13. Plaintiff discovered damage to the roof of the Property caused by wind and/or hail that was not evident without an inspection in September/October of 2024.

14. Plaintiffs notified Defendant of the damage in October of 2024 and made a demand and claim for replacement cost value of the damage to the Property.

15. Defendant has accepted and admitted that the damage to the Property was caused by a storm which occurred on June 13, 2023.

16. Defendant has, pursuant to estimates it has authored and generated, admitted and accepted that the total replacement cost to repair/replace the damage to the Property exceeds $1,200,000.00.

2

17. Defendant has tendered to Plaintiff payment in the amount of $568,274.50.

18. Defendant has taken the position that the remainder of the amounts it has calculated as the total replacement cost to repair/replace the Property is not owed to Plaintiff on the basis of certain provisions of the Contract.

19. Plaintiff asserts that the language of the Contract upon which Defendant relies do not preclude or prevent payment to Plaintiff of the remainder of the amounts Defendant has calculated as the total replacement cost to repair/replace the Property and, instead, require payment of this amount to Plaintiff.

20. In the alternative, Plaintiff asserts that the language of the Contract upon which Defendant relies is ambiguous and, as such, in accordance with Plaintiff's reasonable expectations and Oklahoma law, must be interpreted in Plaintiff's favor to require payment to Plaintiff of the remainder of the amounts Defendant has calculated as the total replacement cost to repair/replace the Property.

21. In the alternative, Plaintiff asserts that the language of the Contract upon which Defendant relies violates Oklahoma statutes and public policy and, as such, must be interpreted in Plaintiff's favor to require payment to Plaintiff of the remainder of the amounts Defendant has calculated as the total replacement cost to repair/replace the Property.

**DEMAND FOR RELIEF**

22. Plaintiff asserts Defendant has breached the Contract and demands payment in the amount of approximately $600,000, which is the remaining amount of the amounts Defendant has calculated as the total replacement cost to repair/replace the Property.

23. Plaintiff seeks relevant judicial determinations concerning the interpretation and application of the Contract language pursuant to 12 O.S. § 1651, *et seq.*

3

24. Plaintiff seeks recovery of all attorney fees, costs and interest recoverable under Oklahoma law.

25. The total amount of damages sought to be recovered by Plaintiff is in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

26. Plaintiff demands a trial by jury on any issues of fact the Court may determine exist.

Respectfully Submitted,

Dated:  June 12, 2025

Ben D. Baker, OBA No. 21475
ben@reddirtlegal.com
Levi B. Baker, OBA No. 35545
levi@reddirtlegal.com
Dawn M. Goeres, OBA No. 21475
dawn@reddirtlegal.com
Red Dirt Legal, PLLC
10334 Greenbriar Parkway
Oklahoma City, OK 73159
Telephone: (405) 527-8001
Facsimile: (405) 527-1539

and

Laurie Koller, OBA #16857
laurie@reddirtlegal.com
Red Dirt Legal, PLLC
2504 E. 21st St., Ste B
Tulsa, OK 74114
Telephone: (918) 771-2968
**COUNSEL FOR PLAINTIFFS**

4